## VEDDER VAN DYCK AS RECEIVER, ETC., RESPONDENT, v. THOMAS P. McQUADE, APPELLANT.

*Savings bank — agreement to hold the deposit of one, as security for the overdrafts of another — when it is not enforceable by the debtor, after the insolvency of the bank.*

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The plaintiff is the receiver of the Yorkville Savings Bank. The bank failed in July, 1877. The defendant had been a customer of the bank, and when the bank failed he was indebted to it on account of overdrafts in the sum of $5,000 and upwards. This action was brought to recover that indebtedness. The defence was, that when the bank failed it had on deposit to the credit of John McQuade $3,000 and over, and to the credit of Jones & McQuade $2,000 and over, and that by agreement made with the bank, a year or more before its failure, the defendant had acquired a right to have those sums transferred to his credit, and

thereby to have his indebtedness to the bank extinguished. It appeared that in the year 1876 the secretary of the bank was solicited by the defendant's father, John McQuade, to permit the defendant to overdraw his account, and as an inducement to the granting of that favor John McQuade and the firm of Jones & McQuade consented that credits in their respective accounts might be applied to the overdrafts of the defendant's account. The bank did not make such application. Efforts were made, however, at or about the time when the bank ceased to do, and was enjoined by this court from doing any business to have such application made, but the referee refused to give any effect to the testimony on that point.

The court, at General Term, said : " The question is whether the defendant might legally enforce a transfer of so much of the balance due from the bank to John McQuade, and to Jones & McQuade to his credit, as would suffice to extinguish his indebtedness to the bank. We are of opinion that the defendant had no such right. Taking the alleged agreement in either of the forms in which it is presented by the evidence, it imposed no obligation whatever on the bank, but merely gave the bank an option to resort to those accounts for the purpose of making good any overdrafts of the defendant.

" Upon the approaching failure of the bank it was the clear duty of its officers to abstain from exercising that option. The defendants, John McQuade and Jones, were trustees of the bank. An exercise of the option would have indirectly contravened the statute, which prohibits fraudulent transfers of the effects of insolvent corporations (2 R. S. [6th ed.], 399, § 4), and violated the principal of equality in the distribution of the assets of such corporations which the law enjoins."

*Alex. Thain*, for the appellant. *Ely & Smith*, for the respondent.

Opinion by GILBERT, J. ; PRATT, J., concurred ; BARNARD, P. J., dissented.

Judgment affirmed, with costs.